Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good grounds to reconsider the evidence, the Full Commission REVERSES IN PART and AFFIRMS IN PART the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pre-trial order and at the hearing before Deputy Commissioner Stephenson as
STIPULATIONS
1. On 13 February 1991 the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between the plaintiff and defendant at all relevant times.
3. The defendant was self-insured, with Sedgwick James of the Carolinas as its servicing agent, on 13 February 1991.
4. The parties entered into an Industrial Commission Form 21 dated 25 July 1991 and approved by the Commission on 30 August 1991 relative to the plaintiff's 13 February 1991 injury by accident.
5. Plaintiff's answers to defendant's Interrogatories and Request for Production of Documents are admitted as a Stipulated Exhibit.
6. The Stipulated medical records submitted following the hearing are admitted into evidence.
7. The only issue for determination in this opinion and Award is to what benefits, if any, is the plaintiff entitled.
Based upon all of the competent evidence of record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner D. Bernard Alston on October 17, 1995, the plaintiff was 75 years old with a date of birth July 6, 1920. The plaintiff had completed the fourth grade and could read and write on a very limited basis.
2. The plaintiff had been employed by the defendant for approximately sixteen years. For most of that period of time the plaintiff was employed as a car salesperson. However, for approximately five years prior to the October 19, 1995 hearing the plaintiff had been employed as a parts runner.
3. On February 13, 1991, the then 71-year-old plaintiff sustained an injury by accident when he felt a snap or pop in his back while attempting to lift a cylinder head from the bed of a truck. The parties entered into an I.C. Form 21 Agreement for Compensation for Disability which was dated July 25, 1991 and approved by the Commission on August 30, 1991.
4. The Form 21 Agreement entered into by the parties and approved by the Commission provided for payment for a twenty percent (20%) permanent partial impairment to his back. The rating was based on the opinion of the chiropractor who had provided treatment to the plaintiff. The compensation was paid from February 13, 1991 through April 7, 1992 for a total of sixty (60) weeks.
5. On or about April 7, 1992, the defendant sent the plaintiff a completed I.C. Form 28B Report of Compensation and Medical Paid which stated that the last compensation check was forwarded to plaintiff on April 7, 1992 and the case was being closed. The plaintiff signed the Form 28B and returned it to the defendant. The Form 28B constituted written notice to plaintiff that he had two years to reopen his claim.
6. In December of 1993 the plaintiff began to experience increased pain and numbness to his back and left leg. The plaintiff first reported the situation to Hartwell Newton, the General Manager of defendant company. Mr. Newton directed the plaintiff to Tom Boykin, an adjuster for the servicing agent, with the assurance that the defendant would comply with the findings of Mr. Boykin.
7. The plaintiff began a course of treatment related to his back pain and left leg numbness and such course of treatment was continuing through the day of the October 17, 1995 hearing.
8. On an occasion prior to April 7, 1994 (the date the two-year period allowed by statute for change of condition expired), Mr. Boykin told the plaintiff that the company would take care of the plaintiff's problem.
9. Subsequent to April 7, 1994, Tom Boykin informed the plaintiff that there was nothing else that he could do for the plaintiff.
10. The plaintiff had enjoyed a close employee-employer relationship with the defendant and on prior occasions had received what he needed of his employer as it related to his February 13, 1991 injury. The servicing agent had provided plaintiff with all medical compensation and all disability compensation to which the plaintiff was entitled. The servicing agent had represented that the relationship with the plaintiff would continue as it had in the past until April 7, 1994.
11. The testimony of the plaintiff at the hearing October 17, 1995 was uncontroverted.
12. In reliance upon representations of defendant that the company would take care of his problem, plaintiff failed to file a claim for change of condition within two years after the last payment of compensation. The defendant is equitably estopped from raising the two-year statutory time period under N.C. Gen. Stat. § 97-47 as a bar to plaintiff's claim for change of condition.
13. In April of 1993 plaintiff sought treatment from Dr. Robert D. Richards, Dr. David E. Tomaszek, and Dr. Michael J. Kushner. Although plaintiff's nerve conduction tests of May 1993 showed no major changes from 1991, plaintiff's complaints of left leg pain and numbness had increased.
14. Dr. Richards recommended plaintiff stop work 14 September 1994, but plaintiff continued to try to work.
15. Based on the nerve conduction tests and MRI, plaintiff was considered to be a candidate for a spinal cord stimulator. The spinal stimulator was installed on 20 October 1994 by Dr. Tomaszek due to plaintiff's increased pain. As a result of pain symptoms and this surgery, plaintiff was unable to earn any wages from 1 October 1994 through 14 February 1995. During this time plaintiff continued to have problems and sought treatment from Dr. Richards.
16. Plaintiff attempted to return to work for defendant-employer performing the same duties as an automobile parts runner on 15 February 1995. Plaintiff worked from 15 February 1995 through 13 April 1995. On 13 April 1995 plaintiff was discharged by defendant-employer due to a disagreement over plaintiff's wife's health benefits.
17. On 17 April 1995 plaintiff again sought treatment from Dr. Richards concerning the worsening of his left leg pain. Dr. Richards determined plaintiff was unable to work. Dr. Tomaszek further determined on 20 April 1995 plaintiff was not medically capable of returning to defendant-employer.
18. Although plaintiff began to experience an increase in pain beginning April, 1993 and these symptoms worsened over time, plaintiff did not miss any time from work due to back and leg pain until October 1, 1994, and he did not sustain any change in his physical capacity to earn wages until September 14, 1994, when the doctor recommended that he stop work. Plaintiff actually worked until October 1, 1994.
19. Plaintiff did not sustain a change in his physical capacity to earn wages during the two years following defendant's last payment of permanent partial disability to plaintiff April 7, 1992 pursuant to an award of the Industrial Commission. There is no evidence that plaintiff's permanent partial impairment increased during said two-year period.
Based on the foregoing findings of fact and stipulations, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. Upon application of a party, the Industrial Commission may review a prior award on the grounds of a substantial change of condition; however, no such review shall be made after two years from the date of the last payment of compensation. N.C. Gen. Stat. § 97-47.
2. Defendants are equitably estopped by their conduct to assert the two-year period as a bar to plaintiff's claim for change of condition pursuant to N.C. Gen. Stat. § 97-47. Equity will deny the right to assert the defense of lapse of time when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith.Watkins v. Central Motor Lines, 279 N.C. 132, 181 S.E.2d 588
(1971).
3. In determining whether a change of condition has occurred which entitles an employee to additional compensation, the primary factor is a change of condition affecting the employee's physical capacity to earn wages. Haponski v.Contractors, Inc., 87 N.C. App. 95, 360 S.E.2d 109 (1987). However, a change of condition within the meaning of the North Carolina Workers' Compensation Act necessarily requires that the party claiming such change of condition demonstrate that this change of condition has impaired his ability to earn wages or has resulted in a disability within the meaning of that term, during the two years following his last receipt of disability compensation. Therefore, plaintiff must not only prove that his claim is not barred, he must show that he sustained a change of condition. Plaintiff has failed to prove that his physical capacity to earn wages was impaired during the two-year period following his last payment of compensation. Also, plaintiff has failed to show any increase in the extent or degree of his physical impairment during the two years after his last receipt of payment of compensation pursuant to an award of the Industrial Commission.
5. The plaintiff is entitled to have defendants provide for all medical expenses incurred or to be incurred, as a result of his injury by accident of February 13, 1991 to the extent said treatment tends to effect a cure, give relief or lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-2(19) and 25; and Hyler v. G.T.E. Products, 333 N.C. 258, 425 S.E.2d 698
(1993).
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for additional indemnity compensation benefits from the defendants as a result of his change of condition is DENIED.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his injury by accident of February 13, 1991 for so long as such treatments tend to effect a cure, give relief or tend to lessen plaintiff's period of disability when the appropriate bills therefor are presented to the N.C. Industrial Commission for approval in accordance with its required procedure.
3. Defendants shall pay the costs.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________ DOUGLAS E. BERGER DEPUTY COMMISSIONER